W. IRVING THROCKMORTON and Others, Doing Business under the Firm Name and Style of THROCKMORTON & COMPANY, Claimants, v. THE STATE OF NEW YORK, Defendant.

Claim No. 18340.

Court of Claims, January 29, 1927.

Taxation — stock transfer tax — stamps erroneously affixed to bill of sale of corporate stock — Tax Law, § 280, requires presentation of claim for refund within ninety days — Court of Claims has no jurisdiction to pass on claim for refund where Tax Commission rejected claim because not presented within ninety days — claimant's remedy is through Legislature.

A claim, pursuant to section 280 of the Tax Law, for the refund of money paid for stock transfer stamps erroneously affixed to a bill of sale of shares of corporate stock, which has heretofore been rejected by the Tax Commission on the ground that it was not presented within ninety days after the stamps had been affixed, as required by said statute, must be dismissed. The Court of Claims is without jurisdiction to pass upon said claim, since the plain intendment of the statute is that all such claims must first be considered on their merits by the Tax Commission, and such as are then rejected by it may be filed with the Court of Claims for determination.

Section 280 of the Tax Law is not broad enough to enable the Court of Claims to consider a claim upon its merits in the first instance, and claimant's only recourse is to procure a special enabling act from the Legislature.

CLAIM for refund of money paid for stock transfer stamps.

*Hornblower, Miller & Garrison* [*John C. Banser* of counsel], for the claimants.

*Albert Ottinger, Attorney-General* [*Frederick D. Colson, Deputy Attorney-General,* of counsel], for the defendant.

ACKERSON, P. J.  This claim is for the refund of money paid by the claimants for stock transfer stamps that were erroneously affixed to a bill of sale of certain shares of corporate stock. The claimants contend that they are entitled to an award from this court against the State in accordance with the demand in their claim by virtue of section 280 of the Tax Law (added by Laws of 1910, chap. 186, as amd. by Laws of 1922, chap. 354).

The only question before us is one of law.  The facts are not in dispute and are well set forth in claimants' brief, as follows: " On or about October 30, 1925, the Claimants purchased from the Empire Trust Company, 120 Broadway, New York City, stock transfer stamps, in the amount of six hundred and one dollars ($601.00), (consisting of six $100. and one $1. stamps) and, on or about November 2, 1925, affixed them to a bill of sale for 30,050 shares of corporate stock which claimants had owned and sold, and cancelled said stamps.  After the stamps had been thus affixed to the said bill of sale and cancelled, it was discovered that the said stamps were erroneously affixed to said bill of sale, in that stamps of smaller denominations should have been purchased and provided with the sale, in order to make possible the distribution of the said 30,050 shares of corporate stock to various purchasers thereof.  Thereupon Claimants purchased a second lot of stamps of smaller denominations and used them in connection with the said sale and in lieu of the stamps originally purchased and affixed to the said bill of sale, which resulted in a loss to the Claimants in the sum of Six hundred and One Dollars ($601.00), for the refund of which, together with interest, this claim is made.

" Claimants, on or about June 14, 1926, presented to the State Tax Commission a duly verified claim for the refund of the said Six Hundred and One Dollars ($601.00).  The Tax Commission rejected the said claim on or about June 17, 1926, on the sole ground that it had not been presented within ninety days after the stamps had been thus erroneously affixed to the said bill of sale. Thereupon, on August 14, 1926, claimants filed the claim in this Court for the recovery of said Six Hundred and One Dollars ($601.00) so rejected by the Tax Commission."

Section 280 of the Tax Law, by virtue of which this claim is filed in this court, reads as follows:

" § 280. Refund of tax erroneously paid.  If any stamp or stamps shall have been erroneously affixed to any book, certificate, or bill or memorandum of sale, the tax commission may, upon presentation of a claim for the amount of such stamp or stamps and upon the production of evidence satisfactory to it that such stamp or stamps was or were so erroneously affixed so as to cause

loss to the person or persons making such claim, pay such amount or such part thereof as it may allow, to such claimant out of any moneys appropriated for that purpose. Such claim shall be presented to the tax commission in writing, duly verified, and shall state the full name and address of the claimant, the date of such erroneous affixing, the face value of such stamp or stamps and shall describe the instrument to which the stamp or stamps were affixed and contain such evidence as may be available upon which the demand for such refund is based. Such claims shall be presented within ninety days after such erroneous affixing unless such affixing shall have taken place prior to the date on which this act shall take effect, in which case such shall be presented within ninety days after the date on which this act shall take effect. If the tax commission rejects a claim or any part thereof, the claimant may file a claim for the recovery of such sum as the tax commission shall have refused to allow, with the court of claims, which shall constitute a private claim against the state and shall be subject to all the provisions of law governing such claims, except that all claims so presented shall be filed with the court of claims within ninety days from the date on which such claim shall be rejected by the tax commission. For the purposes of this section, the tax commission's decision shall be deemed to have been made at the time of the depositing of a copy of such decision in the postoffice inclosed in a duly post-paid wrapper and directed to the person making such claim at the address contained in the verified claim presented to the tax commission as hereinbefore provided."

It is apparent from this section that all the power it bestows upon the Court of Claims is one of review. Where a claim has been filed with the Tax Commission within the ninety-day period so that it has power under the law to consider it upon its merits, it may allow it, and if so, that ends the matter. But if the Tax Commission rejects the claim in whole or in part, then the claimant is given a second chance to be heard on his demand providing he files a claim with the Court of Claims within ninety days for the part rejected by the Commission. There is absolutely nothing in the law to warrant the supposition that a claimant may hold his claim beyond the ninety-day period to a time when the Tax Commission is without power to pass upon it and then have it heard by the Court of Claims after the Commission refuses to consider it because it was not filed within the period prescribed by law. Such a refusal to consider by the Tax Commission is not the " rejection " which the law provides must take place before it can be heard by the Court of Claims. If it was, the merits of any such claims could be passed on by the Court of

Claims in the first instance. The Court of Claims cannot take jurisdiction of such a claim as this unless it was presented to the Tax Commission in due season and that body has had an opportunity to consider it upon its merits. If that were not so, years perhaps might elapse after the erroneous affixing of the stamps before the claim was presented to the Court of Claims. To hold that the meaning of the statute before us is that the claimant has only ninety days after the erroneous affixing of the stamps to file his claim with the Tax Commission in order to have it pass upon the merits of such a claim, but that it might be so considered by the Court of Claims within an indefinite time thereafter, seems to us an absurdity.

It seems plain to us that no such delay as this was intended or authorized by the statute. Our interpretation of the statute is that all such claims must first be considered on their merits by the Tax Commission. Such as are then rejected by it may be filed with this court within ninety days after such rejection.

We passed on this identical question in the claim of the Equitable Trust Company of New York, Claim No. 17193, on December 27, 1923, where we said in our order dismissing the claim: "It appearing from the claim as filed and from the proof submitted by the claimant that the claimant did not present its claim to the Tax Commission within ninety days after the claim accrued, as required by Section 280 of the Tax Law, it is ordered that said claim be and the same is hereby dismissed."

We again had the same question before us in the claim of Hubbard, Eldredge and Miller, Inc., against the State, Claim No. 17937, on the 14th day of January, 1926. Our decision in that case consists of findings of fact and conclusions of law and the latter read as follows:

" CONCLUSIONS OF LAW

"*First.* That the said transfer stamps so placed on the said stubs and canceled were not necessary nor required by law.

"*Second.* The rejection of the claim presented by claimant to the State Tax Commission for the amount of said stamps so erroneously affixed was in accordance with the provisions of Section 280 of the Tax Law of the State of New York and the said Tax Commission had no authority to make a refund, said claim not having been presented within ninety days after such erroneous affixing.

"*Third.* As the said claim for the refund of the amount of said transfer stamps so unnecessarily and erroneously affixed to said certificates of stock was not presented to the State Tax Commission within ninety days from the date on which said stamps were so

affixed, the Court of Claims has no jurisdiction to make an award herein.

" *Fourth.* The claim herein should be dismissed.

" Let judgment be entered accordingly."

We see no reason now to depart from the holding made in those cases. Such decision is in absolute accord with what the Supreme Court has held in a case very analogous to the one before us in the case of *People ex rel. Metropolitan Life Insurance* Co. v. *Knapp* (193 App. Div. 413) which was affirmed by the Court of Appeals as reported in 231 New York, at page 630.

The claimants' counsel seems very insistent on the proposition that justice and equity and good morals all demand that this court should make an award to the claimants for the amount of their claim. In this connection, his attention is called to the fact that the Court of Claims is a court of limited jurisdiction. It can only act in regard to matters submitted to it for determination as it is authorized to do by statute. When the statute is not broad enough to enable the court to consider a claim upon its merits, the only recourse for a claimant is to procure a special enabling act from the Legislature.

The claim before us must, therefore, be dismissed.

PARSONS, J., concurs.