JOHN J. O'KANE, JR., and PHILIP C. KULLMAN, JR., as Copartners Doing Business as JOHN J. O'KANE, JR., & Co., Claimants, *v.* THE STATE OF NEW YORK (Defendant).

Court of Claims, November 25, 1936.

*Earl Q. Kullman,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Owen M. Begley, Assistant Attorney-General,* of counsel], for the proposed defendant, State of New York.

GREENBERG, J. This is a motion for an order permitting claimants to file against the State their claim to recover the amount paid for stock transfer taxes on sales of stock made by claimants. The motion is made pursuant to section 15, subdivision 5, of the Court of Claims Act. (Added by Laws of 1936, chap. 775.)

The claimants have not filed a notice of intention to file a claim in accordance with the provisions of the Court of Claims Act, in effect when their alleged claim accrued. In support of the motion claimants set forth that the reason for not filing a notice of intention to file a claim, was that the matter of refund " had been submitted to the Attorney for the Tax Commission and is now pending for a final determination of the constitutional question. That deponent received no answer to a request for a stipulation extending claimants' time; that this motion is necessary to protect claimants' rights in the event of an adverse decision by the Tax Commission."

This court has no jurisdiction of a claim to recover a refund of taxes paid, unless the provisions of section 280 of the Tax Law have been fully complied with. The Court of Claims cannot assume jurisdiction of such a claim as is alleged in the proposed claim

which claimants seek leave to file, unless it was presented to the Tax Commission in due season and that body had an opportunity to consider it upon its merits, and, after rejection, the claim was filed with the court within ninety days after such rejection. (*Throckmorton* v. *State*, 128 Misc. 599.) It affirmatively appears from the moving papers submitted herein that the claim was presented to the Tax Commission and is now pending before that body.

Section 12 of the Court of Claims Act provides: " But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer."

This court has no jurisdiction of the proposed claim, and the motion should, therefore, be denied.